UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GUSTAVIA HOME LLC,

                     Plaintiff,        Case No: 1:17-cv-04330-ERK-JO

    -against-                        **ANSWER WITH AFFIRMATIVE**
                                          **DEFENSES AND COUNTERCLAIM**
VVS1 CORP.; LEHMAN BROTHERS
HOLDINGS INC.; and 56 SOMERS ST. LLC,    **JURY TRIAL REQUESTED**

                     Defendants
-----------------------------------------------------------x

       Defendant VVS1 Corp. (the "First Mortgagee"), as the owner and holder of the first mortgage against the property that is the subject of this action ("Property"), and Defendant 56 Somers St. LLC ("Somers"), as the owner of a recorded deed to the Property, hereby allege as follows in support of their Answer with Affirmative Defenses and Counterclaims, by and through their undersigned counsel, as set forth below.

1.     The First Mortgagee and Somers deny the truth of the allegations set forth in the following paragraphs of Plaintiff's Complaint: 2, 8, 9, 11, 13, 29, 31, 32 and 33.

2.     The First Mortgagee and Somers deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the following paragraphs of Plaintiff's Complaint: 3, 4, 5 and 7.

3.     The First Mortgagee and Somers refer the Court to the referenced documents and/or written instruments set forth in the following paragraphs of Plaintiff's Complaint, the contents of which speak for themselves, whether factually or otherwise: 1, 6, 10, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 28.

## AFFIRMATIVE DEFENSES

4.     First Affirmative Defense: Plaintiff is not the owner and holder of a valid and enforceable second mortgage against the Property.

5. Second Affirmative Defense: In 2013, more than two years before Plaintiff allegedly acquired the second mortgage against the Property, any right that may have existed to enforce the second mortgage against the Property expired and terminated, by operation of law, under the New York statute of limitations set forth in CPLR 213(4).

6. Third Affirmative Defense: Plaintiff did not pay a legally sufficient consideration to acquire the second mortgage against the Property.

7. Fourth Affirmative Defense: The entity from whom Plaintiff alleges to have acquired the second mortgage against the Property was not the owner and holder of a valid and enforceable second mortgage against the Property.

8. Fifth Affirmative Defense: Pursuant to a Judgment of Foreclosure and Sale issued on July 21, 2016 in a Year 2007 commenced, first mortgage foreclosure action, in Supreme Court, Kings County, Index No: 29272/2007 (the "First Mortgage Action"), whatever right, title and interest that Plaintiff may have in the second mortgage was terminated (the "First Mortgage JFS").  On April 24, 2017, the Supreme Court, Kings County granted a motion by Cassandra Hickson ("Hickson"), a former owner of the Property, to vacate the First Mortgage JFS as against Hickson, and to dismiss the First Mortgage Action against Hickson, on the ground of insufficient service of process, but upon the issuance of a short form written order on Hickson's motion, the Supreme Court, Kings County, acting *sua sponte*, also vacated *sua sponte*, the First Mortgage JFS against the holder of the second mortgage, and also dismissed *sua sponte* the First Mortgage Action against the holder of the second mortgage, on the ground of insufficient service of process - - even though (a) Hickson did not (and legally could not) file a motion seeking to vacate the First Mortgage JFS against the holder of the second mortgage and (b) no

holder of the second mortgage had ever filed any motion seeking to vacate the First Mortgage JFS against the holder of the second mortgage (the "Sua Sponte Order"). Thereafter, in connection with a pending appeal by the First Mortgagee before the Appellate Division, Second Department in the First Mortgage Action, the Appellate Division, Second Department issued an Order authorizing the First Mortgagee (a) to proceed on appeal against Gustavia Home LLC, as the alleged holder of the second mortgage and (b) to seek vacatur of the Sua Sponte Order and to reinstate the validity of the July 21, 2016 First Mortgage JFS terminating whatever right, title and interest that Plaintiff may have in the second mortgage (the "State Appeal"). Pursuant to a subsequent determination on the merits of the State Appeal, the Sua Sponte Order will be vacated, and there will be a reinstatement of the validity of the July 21, 2016 First Mortgage JFS terminating whatever right, title and interest that Plaintiff may have in the second mortgage (the "State Appeal Merits Ruling"). Upon the issuance of the State Appeal Merits Ruling, Plaintiff's second mortgage will be deemed terminated as of July 21, 2016.

9. Sixth Affirmative Defense: Upon information and belief, one of the de jure and/or de factor members of the limited liability company Plaintiff is Yonel Devico, who resides in the State of New York, and whose principal place of business is in the State of New York. Upon information and belief, Mr. Devico, a New York citizen, is the de jure and/or de facto managing member of the limited liability company Plaintiff. Plaintiff has failed to prove that the Court has diversity of citizenship subject matter jurisdiction over this action.

10. Seventh Affirmative Defense: Pursuant to the Year 2007 commenced, pending, First Mortgage Action against the same Property that is the subject of this action, this action should be dismissed under the mandatory abstention doctrine and/or the first filed exclusive jurisdiction rule.

11. Eighth Affirmative Defense: Plaintiff has not obtained personal jurisdiction over the First Mortgagee and Somers in accordance with due process and/or the service of process statutes under New York law and federal law applicable to this diversity action.

### COUNTERCLAIM BY THE FIRST MORTGAGEE

12. On or about June 6, 2006, Mortgage Lenders Network USA, Inc. ("MLN"), as second mortgage lender, and Hickson, as the then owner of the Property, entered into a second mortgage loan transaction, pursuant to which MLN loaned the principal sum of $135,000 to Hickson, repayment of which, together with interest thereon, was secured by MLN's second mortgage lien against the Property (the "Second Mortgage"). The Second Mortgage provides that, solely for mortgage recording purposes, MLN's Second Mortgage will be recorded in the name of a nominee for MLN, to wit: Mortgage Electronic Registration Systems, Inc. as nominee for MLN. On or about July 1, 2006, the Second Mortgage was recorded against the Property with the New York City Register's Office in Kings County.

13. Starting in February 2007, and for each month thereafter from March 2007 to August 2007, Hickson failed to pay any portion of the required monthly amount due under both the First Mortgage and the Second Mortgage and, by virtue thereof, Hickson defaulted under both the First Mortgage and the Second Mortgage (the "2007 Defaults").

4

14. The Second Mortgage indicates that Hickson failure to pay the required monthly amount due under the First Mortgage also constitutes a separate and distinct default under the Second Mortgage.

15. Upon information and belief, in response to the 2007 Defaults, and pursuant to the acceleration rights in the First Mortgage, the then owner of the First Mortgage exercised its right to accelerate the First Mortgage debt in 2007, prior to the commencement of mortgage foreclosure litigation in state court, to wit: the First Mortgage Action.

16. Upon information and belief, in response to the 2007 Defaults, and pursuant to the acceleration rights in the Second Mortgage, MLN, as the original owner of the Second Mortgage, exercised its right to accelerate the Second Mortgage debt in 2007, prior to the commencement of mortgage foreclosure litigation in state court, to wit: the First Mortgage Action (the "2007 Pre-Suit Second Mortgage Acceleration").

17. On or about August 7, 2007, the then owner of the First Mortgage commenced mortgage foreclosure litigation in state court against the Property, pursuant to which MLN was named as a party-defendant, in order to terminate the Second Mortgage as a subordinate lien against the Property, and to have a First Mortgage foreclosure sale of the Property free and clear of the Second Mortgage. See *Lehman Brothers Bank vs. Cassandra Hickson, 56 Somers Funding Associates, Long Beach Mortgage Company, Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage Lenders Network USA, Inc., et al.*, Supreme Court of the State of New York, County of Kings, Index No: 29272-2007, to wit: the First Mortgage Action.

18. The filed foreclosure complaint in the First Mortgage Action indicates therein, out of an abundance of caution, that the then owner of the First Mortgage again exercises its right to accelerate the First Mortgage debt.

19. Service of process in the 2007 First Mortgage Case was properly effectuated on MLN in order to terminate the Second Mortgage as a subordinate lien against the Property, and to have a First Mortgage foreclosure sale of the Property free and clear of the Second Mortgage.

20. Upon information and belief, in response to being served with process in the First Mortgage Action, and in connection therewith, MLN, as the original owner of the Second Mortgage, and out of an abundance of caution, again exercised its right to accelerate the Second Mortgage Debt in 2007 (the "2007 Second Mortgage Acceleration").

21. During 2016, Plaintiff commenced an action to foreclose its alleged second mortgage against the Property - - Gustavia Home LLC v. Cassandra Hickson, et al., United States District Court for the Eastern District of New York, Civil Action Number 16-cv-03098 (the "Second Mortgage Action") - - but excluding the First Mortgagee therefrom on the ground that nothing that may take place in the Second Mortgage Action can be prejudicial to, or have any adverse effect on, the First Mortgagee.

22. The first paragraph of Plaintiff's filed complaint in the Second Mortgage Action qualifies the allegations set forth therein by stating that such allegations are made "upon information and belief."

23. Paragraphs 23-25 of Plaintiff's filed complaint in the Second Mortgage Action allege, upon information and belief, that (a) MLN assigned the Second Mortgage to Greenwich Investors XXXIII, LLC in April 2010 - - almost three full years after the

6

commencement of the 2007 First Mortgage Action, and after the issuance of default relief in favor of the First Mortgagee against MLN therein; (b) the Second Mortgage was later assigned to Dreambuilder Investments, LLC in October 2014 but such assignment was not recorded until April 29, 2016 in the Office of the New York City Register for Kings County; and (c) the Second Mortgage was later assigned to Plaintiff "on December 30, 2015" but such assignment was not recorded until April 29, 2016, the same date as the alleged prior assignment into Plaintiff's immediate assignor, in the Office of the New York City Register for Kings County.

24. Exhibit E to Plaintiff's filed complaint in the Second Mortgage Action contains Plaintiff's pre-suit notice and "notice pursuant to fair debt collection practices act," dated April 20, 2016, allegedly sent to Hickson as mortgagor, in which Plaintiff asserts, *inter alia*, that (a) the "total amount of the debt" is the accelerated sum of $266,251.95, consisting of an accelerated principal balance of $134,670.98 (the loan principal was $135,000), plus accrued interest on the accelerated principal (since 2007) in the aggregate sum of $131,494.52, and other charges of $86.45; (b) states "If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure where possible" and "After acceleration of the debt, but prior to the foreclosure sale, you may have the right to reinstate the mortgage loan, by payment of all sums due as if immediate payment in full had not been required and to have the lawsuit discontinued, depending on the terms of the note and mortgage"; and (c) **_states Plaintiff "makes no representation as to the enforceability of the debt."_** [emphasis added]

25. Upon origination of the Second Mortgage in June 2006, Hickson was allowed to repay the loan principal of $135,000 with interest, on a non-accelerated basis, over fifteen

7

(15) years of monthly installments until the Year 2021. However, the Second Mortgage authorizes the acceleration of the entire unpaid principal, with interest on such accelerated principal from the acceleration date, upon one or more defaults thereunder.

26. In other words, Exhibit E to Plaintiff's filed complaint in the Second Mortgage Action confirms that the Second Mortgage was, in fact, accelerated in 2007.

27. In addition, in an Affidavit of Statement of Damages filed February 6, 2017 in the Second Mortgage Action, Plaintiff represents under oath, *inter alia*, that (a) the defaults under the Second Mortgage commenced in February 2007 and (b) the "total principal and interest" is the accelerated sum of $277,234.18, consisting of an accelerated principal balance of $134,670.98 (the loan principal was $135,000), plus interest on the accelerated principal (since 2007) in the aggregate sum of $142,563.20, to wit: "interest (January 1, 2007 through January 27, 2017 [of] $142,563.20".

28. Upon origination of the Second Mortgage in June 2006, Hickson was allowed to repay the loan principal of $135,000 with interest, on a non-accelerated basis, over fifteen (15) years of monthly installments until the Year 2021. However, the Second Mortgage authorizes the acceleration of the entire unpaid principal, with interest on such accelerated principal from the acceleration date, upon one or more defaults thereunder.

29. In other words, Plaintiff's Affidavit of Statement of Damages in the 2016 Second Mortgage Case confirms that the Second Mortgage was, in fact, accelerated in 2007.

30. Under CPLR 213(4), Plaintiff was required to commence a Second Mortgage Action by or before the end of 2013, based upon an acceleration of the Second Mortgage debt during 2007.

31. Plaintiff failed to commence a Second Mortgage Action by or before the end of 2013 and, therefore, (a) Plaintiff's Second Mortgage Action, commenced in 2016, is time-barred under the statute of limitations in CPLR 213(4) and (b) Plaintiff's Second Mortgage became unenforceable against the Property by or before the end of 2013.

32. As set forth above, the Plaintiff excluded the First Mortgagee from the Second Mortgage Action on the ground that nothing that may take place in the Second Mortgage Action can be prejudicial to, or have any adverse effect on, the First Mortgagee.

33. The First Mortgagee's motion seeking to intervene in the Second Mortgage Action was denied by the Court on the ground asserted by Plaintiff that nothing that may take place in the Second Mortgage Action can be prejudicial to, or have any adverse effect on, the First Mortgagee.

34. Pursuant to RPAPL 1501(4) and/or Article 15 of the Real Property Actions and Proceedings Law and/or CPLR 213(4), the First Mortgagee is entitled to a quiet title order and judgment declaring, inter alia, that (a) the Second Mortgage became unenforceable against the Property by or before the end of 2013 and (b) the Second Mortgage should be discharged and canceled as an alleged lien against the Property.

## TRIAL BY JURY

35. Pursuant to the Federal Rules of Civil Procedure, the First Mortgagee and Somers respectfully request that all issues, claims, defenses and counterclaims that may be triable herein should be tried before a jury.

**WHEREFORE**, the First Mortgagee and Somers respectfully request that the Court issue an Order dismissing the action with prejudice and awarding them the costs and disbursements thereof, and the First Mortgagee respectfully requests the issuance of the quiet title relief sought in its Counterclaim herein against the Plaintiff together with the costs and disbursements thereof.

Dated: September 2, 2017
      New York, New York

                                Respectfully submitted,

                                Law Offices of Michael B. Wolk, P.C.

By: _____
                Michael B. Wolk
130 West 42nd Street, Suite 405
New York, New York 10036
Tel: 917-238-0576
Email: michael.wolk@wolkgroup.com
Attorney for Defendants VVS1 Corp. and 56 Somers St. LLC and Attorney for Counterclaim-Plaintiff VVS1 Corp.