LAW OFFICES OF MICHAEL B. WOLK, P.C.
130 West 42nd Street, Suite 405
New York, New York 10036
Tel:     917-238-0576
Fax:    973-535-1148
Email:  michael.wolk@wolkgroup.com

October 18, 2017

**BY EFILING**
The Honorable James Orenstein
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Gustavia Home LLC vs. VVS1 Corp., et al,
       Civil Action No: 1:17-cv-04330-ERK-JO

       Defendants' Letter Application On Threshold Subject Matter Jurisdiction
       Issue And Whether Plaintiff Violated The Collusive Diversity Jurisdiction
       Statute Under 28 U.S.C. 1359 - - And This Same Subject Matter Jurisdiction
       Issue For This Same Plaintiff Was Addressed Two Weeks Ago In Which
       Magistrate Judge Gold Directed Expedited Subject Matter Jurisdiction
       Discovery To Be Completed By January 18, 2018 (And Defendants' Attorney
       In This Case Also Represents The Defendant Before Magistrate Judge Gold)

Your Honor:

I represent Defendants VVS1 Corp. (the "First Mortgagee") and 56 Somers St. LLC ("Somers") in this action. I also represent Defendants 10586 Flatlands 1 Realty Corp. ("Flatlands") in another action in this Court, pending before District Judge Brodie and Magistrate Judge Gold, involving the same Plaintiff that is the Plaintiff in this action, to wit: Gustavia Home LLC ("Gustavia"), Civil Action No. 1:17-cv-04188-MKB-SMG (the "Gustavia-Flatlands Case").

In both this action and the Gustavia-Flatlands Case, both of which are pending in the Eastern District of New York, there is a threshold subject matter jurisdiction issue as to whether Gustavia, through the use of a collusive "out-of-state assignment", has violated the collusive diversity jurisdiction statute under 28 U.S.C. 1359, in seeking to avoid the appropriate state court forum for a legal dispute arising from a second mortgage loan.

Two weeks ago, an initial case management conference took place in the Gustavia-Flatlands Case before Magistrate Judge Gold. Magistrate Judge Gold was informed that Gustavia, since last year, had commenced approximately 50 cases in this same federal court - - typically arising from Gustavia's alleged status as an "out-of-state assignee" of a second mortgage loan, to a New York residential property borrower, typically in default for five or more years, and typically involving one or more "New York assignors" in the "chain of defaulted loan assignments." Magistrate Judge Gold was informed that this

1

situation implicates the threshold subject matter jurisdiction issue of whether Gustavia, through the use of a collusive "out-of-state assignment," has violated Section 28 U.S.C. 1359, in seeking to avoid the appropriate state court forum for a legal dispute arising from a second mortgage loan.

Two weeks ago, at the initial case management conference before Magistrate Judge Gold in the Gustavia-Flatlands Case, Gustavia's counsel therein (who is not the same counsel as Gustavia's counsel in this action), sought to elicit a proposed "stipulation" to confer subject matter jurisdiction on the Court. Gustavia's counsel in the Gustavia-Flatlands Case was informed that the subject matter jurisdiction of a federal court can never be conferred by "consent" (or by waiver or estoppel) - - and a threshold subject matter jurisdiction issue must be determined before there can be any ruling on any merits issue in a case.

Two weeks ago, at the initial case management conference before Magistrate Judge Gold in the Gustavia-Flatlands Case, Magistrate Judge Gold issued an Order directed expedited subject matter jurisdiction discovery to be completed by January 18, 2018. Please see Dkt 20 in the Gustavia-Flatlands Case. My client intends to file a summary judgment motion to dismiss the Gustavia-Flatlands Case for lack of subject matter jurisdiction, due to Gustavia's violation of the collusive jurisdiction statute under 28 U.S.C. 1359, once discovery is completed therein.

Since this action involves the same threshold subject matter jurisdiction issue in the Gustavia-Flatlands Case as to whether violated the collusive diversity jurisdiction statute 28 U.S.C. 1359, the Defendants in this action respectfully request that Your Honor issue an Order, at the initial case management conference, directing expedited subject matter jurisdiction discovery in this action to be completed by January 18, 2018 - - so as to proceed in tandem with Magistrate Judge Gold's expedited subject matter jurisdiction discovery order in the Gustavia-Flatlands Case.

I communicated Defendants' position on this threshold subject matter jurisdiction issue to Gustavia's counsel in this action, including Defendants' position that a case management scheduling order for this action should first focus on expedited discovery on the subject matter jurisdiction issue - - and that merits issues should not be addressed unless the Court were to adjudicate that subject matter jurisdiction exists. Indeed, under Defendants' reading of United States Supreme Court precedent, such an approach would appear to be required. Gustavia's counsel herein has not agreed with Defendants' position and, instead, Gustavia's counsel filed a proposed scheduling timetable yesterday that, in Defendants' view, does not properly address the subject matter jurisdiction issue.

Defendants intend to address this matter at tomorrow's initial case management conference. Thank you for Your Honor's time and consideration in this matter.

            Respectfully submitted,
              /s/
            Michael B. Wolk