UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUSTAVIA HOME LLC,                    Docket No. 1:17-cv-04330-ERK-JO

                      Plaintiff,       **AFFIDAVIT OF JARED DOTOLI
                                      IN SUPPORT OF MOTION**
       -against-                    **FOR SUMMARY JUDGMENT**

VVS1 CORP., LEHMAN BROTHERS
HOLDINGS INC., 56 SOMERS ST. LLC,

                      Defendants.
------------------------------------------------------------X

STATE OF <u>Florida</u>  )
                      ) ss.:
COUNTY OF <u>Dade</u>  )

       JARED DOTOLI, being duly sworn, deposes and says:

       1.    I am the sole member and manager of Gustavia Home LLC ("*Plaintiff*"), the Plaintiff in this action.

       2.    I submit this Affidavit in support of Plaintiff's Motion for Summary Judgment.

       3.    I have reviewed the statements set forth herein as against Plaintiff's records and have duly executed this Affidavit based upon that review and upon my personal knowledge of the facts and circumstances and books and records which Plaintiff maintains and are in my possession.

       4.    As part of my responsibilities for Plaintiff, I am familiar with the types of records maintained in connection with the subject matter of this action. The information in this Affidavit is taken from Plaintiff's business records, and I have personal knowledge of Plaintiff's procedures for creating these records. They are: (a) made at or near the time of the occurrence of the matters recorded by a person with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the

course of Plaintiff's regularly conducted business activities; and (c) it is the regular practice of Plaintiff to make such records.

### A. The Lehman Mortgage.

5. On June 6, 2006, Mortgage Lenders Network USA, Inc. ("*Original Lender*") originated a mortgage loan to Cassandra Hickson ("*Borrower*") in the principal sum of $540,000.00 (the "*Lehman Loan*"). *See* Lehman Mortgage (Ex. A).

6. As security for Borrower's repayment of the Lehman Loan, Borrower mortgaged the real property known as 56 Somers Street, Brooklyn, New York (Block 1542, Lot 12) (the "*Property*") in favor of Mortgaged Electronic Registrations Systems, Inc. ("*MERS*"), as nominee for Original Lender, pursuant to the terms of the Mortgage dated June 6, 2006 and recorded July 1, 2006 in the Office of the City Register of the City of New York (the "*City Register*") in City Register File No. ("*CRFN*") 2006000365591 (the "*Lehman Mortgage*"). *See* Lehman Mortgage (Ex. A).

7. By Assignment of Mortgage dated August 7, 2007 and recorded August 24, 2007 in the Office of the City Register in CRFN 2007000439266 (the "*MERS Lehman Assignment*"), MERS, as nominee for Original Lender, assigned the Lehman Mortgage to Lehman Brothers Bank. *See* MERS Lehman Assignment (Ex. B).

8. By Assignment of Mortgage dated January 25, 2013 and recorded February 13, 2013 in the Office of the City Register in CRFN 2013000062567 (the "*Aurora Assignment*"), Aurora Bank, FSB f/k/a Lehman Brothers Bank, FSB further assigned the Lehman Mortgage to Defendant Lehman Brothers Holdings, Inc. ("*Lehman Brothers*"). *See* Aurora Assignment (Ex. C).

9. By Assignment of Mortgage dated April 25, 2014 and recorded April 6, 2017 in the Office of the City Register in CRFN 2017000133495 (the "*MLB Assignment*"), MLB SUB I, LLC[1] further assigned the Lehman Mortgage to Defendant VVS1 Corp. ("*VVS1*"). *See* MLB Assignment (Ex. D).

10. Upon information and belief, the Lehman Mortgage has not been further assigned, and VVS1 is the current holder of the Lehman Mortgage.

**B.     The Gustavia Mortgage.**

11. Also on June 6, 2006, Original Lender originated a second mortgage loan to Borrower in the principal sum of $135,000.00 (the "*Gustavia Loan*").

12. Borrower agreed to repay the Gustavia Loan pursuant to the terms of the Note dated June 6, 2006 (the "*Gustavia Note*"). *See* Gustavia Note (Ex. E).

13. As security for Borrower's repayment of the Gustavia Loan, Borrower gave a second mortgage on the Property in favor of MERS, as nominee for Original Lender, pursuant to the terms of the Mortgage dated June 6, 2006 and recorded July 1, 2006 in the Office of the City Register in CRFN 2006000365592 (the "*Gustavia Mortgage*"). *See* Gustavia Mortgage (Ex. F).

14. By Assignment of Mortgage dated April 25, 2010 and recorded June 3, 2010 in the Office of the City Register in CRFN 2010000184862 (the "*MERS Gustavia Assignment*"), MERS, as nominee for Original Lender, assigned the Gustavia Mortgage to Greenwich Investors XXXIII, LLC. *See* MERS Gustavia Assignment (Ex. G).

15. In connection with the MERS Gustavia Assignment, Original Lender indorsed the Note to pay to the order of Residential Funding Company, LLC, who further indorsed the Note

---

[1] The MLB Assignment states, without further detail, that Lehman Brothers assigned the Lehman Mortgage to MLB SUB I, LLC. *See* MLB Assignment (Ex. D). Upon information and belief, there is no recorded assignment from Lehman Brothers to MLB SUB I, LLC. Accordingly, Lehman Brothers is named as a defendant in this action to the extent that Lehman Brothers holds any interest in the Lehman Mortgage or the Property.

to pay to the order of U.S. Bank National Association as Trustee, who further indorsed the Note to pay to the order of Greenwich Investors XXXIII, LLC. *See* Gustavia Note (Ex. E).

16. By Corporate Assignment of Mortgage dated October 17, 2014 and recorded April 29, 2016 in the Office of the City Register in CRFN 2016000148584 (the "*Greenwich Assignment*"), Greenwich Investors XXXIII, LLC further assigned the Gustavia Mortgage to Dreambuilder Investments, LLC. *See* Greenwich Assignment (Ex. H).

17. In connection with the Greenwich Assignment, Greenwich Investors XXXIII, LLC further indorsed the Note to pay to the order of Dreambuilder Investments, LLC. *See* Gustavia Note (Ex. E).

18. By Corporate Assignment of Mortgage dated December 30, 2015 and recorded April 29, 2016 in the Office of the City Register in CRFN 2016000148585 (the "*Dreambuilder Assignment*"), Dreambuilder Investments, LLC further assigned the Gustavia Mortgage to Plaintiff. *See* Dreambuilder Assignment (Ex. I).

19. In connection with the Dreambuilder Assignment, Dreambuilder Investments, LLC further indorsed the Note in blank, *see* Gustavia Note (Ex. E), and physically delivered the Gustavia Note and related loan documents to Plaintiff.

20. Plaintiff was the holder and owner of the Gustavia Note, the Gustavia Mortgage, and related loan documents (collectively, the "*Gustavia Loan Documents*") at the time this action was commenced, and Plaintiff continues to be the current holder and owner of the Gustavia Loan Documents.

C. **The Referee's Deed.**

21. In connection with the Gustavia Foreclosure Action, as defined and discussed further in the annexed Affirmation of Michael J. Bonneville, Esq. (the "*Bonneville Affirmation*"),

title to the Property was deeded to Plaintiff pursuant to the Referee's Deed in Foreclosure dated March 19, 2018 and recorded on May 16, 2018 in the Office of the City Register in CRFN 2018000164091 (the "*Referee's Deed*"). *See* Referee's Deed (Ex. J).

22. As discussed further in the Bonneville Affirmation, there was no notice of pendency or stay pending appeal in effect with respect to the Lehman Foreclosure Action or the Dismissal Order (as defined in the Bonneville Affirmation) at the time the Referee's Deed was conveyed to Plaintiff.

**D.  Plaintiff's Operating Agreement.**

23. With respect to Defendants VVS1 Corp. and 56 Somers St. LLC's (collectively, the "*Defendants*") dispute as to diversity jurisdiction, Plaintiff is a Florida limited liability company, I am the sole member and manager of Plaintiff, and I am domiciled in the State of Florida. Plaintiff's operating agreement (the "*Operating Agreement*") is annexed hereto as Exhibit K. *See* Plaintiff's Operating Agreement (Ex. K).

24. Moreover, as discussed further in the Bonneville Affirmation, Defendants' dispute of Plaintiff's citizenship for diversity jurisdiction purposes was already adjudicated in favor of Plaintiff in the Gustavia Foreclosure Action.

**E.  No Prior Acceleration of the Gustavia Loan.**

25. With respect to Defendants' contention that the Gustavia Loan was previously accelerated, Plaintiff did not previously accelerate the Gustavia Loan prior to the Gustavia Foreclosure Action, and, upon information belief, Plaintiff's predecessor(s)-in-interest did not previously accelerate the Gustavia Loan.

26. For the foregoing reasons, as well as the reasons set forth in the Bonneville Affirmation and the annexed memorandum of law, Plaintiff's Motion for Summary Judgment should be granted in its entirety.

_____
JARED DOTOLI

Sworn to before me this
5 day of September, 2018

_____
Notary Public
9/5/18

ANGELA STOOK-WIGGINS
Commission # GG 154629
Expires October 25, 2021
Bonded Thru Budget Notary Services