| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

Gustavia Home LLC,

                Plaintiff,

     – against –                     **MEMORANDUM & ORDER**

VVS1 Corp., et al.,                   17-CV-4330 (ERK) (JO)

                Defendants.

KORMAN, *J.*:

## BACKGROUND

Cassandra Hickson owned a two-family home located at 56 Somers Street in Brooklyn, New York (the "Property"). In June of 2006, she obtained a loan worth $540,000 and mortgaged the Property as security for the loan (the "First Mortgage"). ECF No. 49-1 ("Dotoli Aff."), ¶¶ 5-6; s*ee also* ECF No. 49-3.[1] Over the years, the First Mortgage was assigned to various entities before winding up in the hands of defendant VVS1, a New York corporation. Dotoli Aff. ¶¶ 6-10; ECF No. 30 ("Am. Compl.") ¶ 10.

The very same day that Ms. Hickson obtained the First Mortgage, she obtained another mortgage on the Property as security for a $135,000 loan (the "Second Mortgage"). Dotoli Aff. ¶ 11. The Second Mortgage was similarly assigned and endorsed over to different entities, before plaintiff Gustavia Home ("Gustavia") finally came into possession of it. *Id.* ¶¶ 13-20. VVS1 still holds the First Mortgage; Gustavia has foreclosed on the Second Mortgage and received a referee's deed to the Property. *Id.* ¶¶ 10, 21.

---

[1] Unless otherwise indicated, documents cited by ECF number were filed in this case, *Gustavia Home, LLC v. VVS1 Corp.*, No. 1:17-cv-4330-ERK-JO (E.D.N.Y.).

While the two mortgages were being passed from one company to another, a foreclosure action filed in New York languished. Ms. Hickson had stopped making payments required by the First Mortgage in February 2007, and, on August 8, 2007, a complaint and summons were filed in Kings County Supreme Court by Lehman Brothers, the original holder of the First Mortgage, seeking foreclosure and accelerating the mortgage, thereby triggering the statute of limitations for subsequent foreclosure actions based on the First Mortgage. ECF No. 49-18. Nearly nine years later, on July 21, 2016, a judgment was issued. ECF No. 51-1. Justice Johnny Lee Baynes subsequently vacated that judgment and dismissed the case against all defendants in April 2017 for lack of personal jurisdiction. ECF No. 49-17. No foreclosure sale of the Property took place between the July 2016 judgment and the April 2017 vacatur. The Appellate Division, Second Department, granted VVS1's motion for leave to appeal the dismissal, and the appeal is still pending. ECF No. 49-29.

Meanwhile, on June 14, 2016—five weeks before the later-vacated judgment of foreclosure was issued in the state court proceeding—Gustavia filed suit in federal court seeking foreclosure of the Property based on the Second Mortgage. *See Gustavia Home, LLC v. Hickson*, No. 1:16-cv-03098-ERK (E.D.N.Y. June 14, 2016) ("*Gustavia I*"), ECF No. 1. In February 2017, Gustavia moved for a default judgment of foreclosure and sale. *See id.*, ECF No. 27. Default judgment was entered on March 21, 2017. *Id.*, ECF No. 30. Just a few weeks later, on April 14, 2017, VVS1 filed an emergency motion to stay the foreclosure. *Id.*, ECF No. 31. A flurry of activity ensued, including repeated rejection of VVS1's attempts to halt the foreclosure and an aborted attempt to appeal one of those decisions. The Property was finally sold by a court-appointed referee in a court-authorized sale in March of 2018. *See id.*, ECF No. 105. Gustavia purchased the Property. *Id.* at 9.

Gustavia then initiated this quiet title action as to its newly acquired property pursuant to the New York Real Property Actions and Proceedings Law, Section 1501. Am. Compl. ¶¶ 1, 34,

39. Gustavia seeks a declaratory judgment that the First Mortgage is cancelled and discharged. Pl.'s Br. 2, ECF No. 49-30.

## DISCUSSION

### I. Subject Matter Jurisdiction

VVS1 contends that Gustavia is not, for purposes of diversity jurisdiction, a Florida resident because it is controlled by Yonel Devico, purportedly a New York citizen. And yet, despite the litigation-ending importance of this claim, VVS1 has declined to even fully brief the issue. Instead, VVS1 refers me to another suit, *Gustavia Home LLC v. 10586 Flatlands 1 Realty Corp.*, No. 17-CV-4188-MKB-SMG (E.D.N.Y.), where its attorney has filed a more fulsome brief on the subject. *See* Opp. 17-18, ECF No. 49-33. Diversity jurisdiction, which is the basis of this suit, requires "complete diversity," meaning that "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction," *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). For purposes of determining whether a party is diverse, "a limited liability company [] takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

VVS1 previously argued in *Gustavia I* that Gustavia is a New York resident, and I held that VVS1 made an insufficient showing then. ECF No. 49-24. VVS1 purports to have additional evidence now. Gustavia's operating agreement clearly identifies Jared Dotoli as its sole member, ECF No. 49-13, and VVS1 makes no argument that Dotoli does not live in Florida. Rather, VVS1 refers me to evidence from another case before another judge in support of its claim. Even assuming this were acceptable practice, most of this evidence does not support VVS1's claim. For instance, VVS1 points to a document listing Gustavia's manager as Simy Devico, apparently a relation of Yonel Devico, the purported true controller of Gustavia. *See Gustavia Home LLC v.*

*10586 Flatlands 1 Realty Corp.*, No. 17-CV-4188-MKB-SMG, ECF No. 31-7 (E.D.N.Y. June 25, 2018). The only mention of Yonel Devico in the document is an email address, yoneldevico@gmail.com, which is listed as the email address of the business. The fact that Simy Devico is a manager has no bearing on the citizenship of Gustavia for purposes of diversity jurisdiction, and the email address alone is insufficient to establish that Yonel Devico is a member or the controller of Gustavia. Likewise, the affidavit filed by Ms. Hickson in *Gustavia I* merely identified Devico as a "representative of Gustavia," not a member. *Id.*, ECF No. 31-8, ¶ 8. The only document VVS1 puts forth that identifies Devico as a member of Gustavia is an "Affidavit of Compliance with Smoke Detector Requirements," which Devico signed on behalf of the Grantee—Gustavia—as the "sole member." *Id.*, ECF No. 31-6. But that signature was later scratched out and replaced with that of Gustavia's attorney. *Id.* Moreover, Gustavia refers to filings in another case indicating that Devico is not a New York citizen, but a citizen of Morocco and a resident of Florida. *See Windward Bora, LLC v. Glauber*, No. 18-CV-1720-RJD (E.D.N.Y. Mar. 20, 2018), ECF No. 1 (Complaint), at ¶ 3. In short, VVS1's claim that Gustavia is a New York resident is still unsupported, even though it has had an opportunity to engage in jurisdictional discovery. *See, e.g.*, ECF No. 23, 28, 38. Thus, complete diversity exists and jurisdiction is proper.

## II. Quiet Title

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Viewing the facts in the light most favorable to the party opposing the motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), a genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Gustavia raises two principal bases for canceling the mortgage: (1) the First Mortgage is unenforceable because the statute of limitations has run, and (2) Gustavia's purchase of the Property in the 2018 foreclosure sale was "free and clear" of the First Mortgage. To resolve these claims, the sequence of events is critical.

- First, in August 2007, Lehman Brothers—not a party here—initiated a foreclosure proceeding in state court. This foreclosure proceeding accelerated all payments on the mortgage and triggered the six-year statute of limitations for subsequent foreclosure proceedings based on the First Mortgage. *21st Mortg. Corp. v. Nweke*, 85 N.Y.S.3d 127, 129 (App. Div. 2018). The statute of limitations ran in 2013.

- On April 7, 2014, a notice of pendency was filed. *See* ECF No. 49-19.

- On August 1, 2016, the state court issued a judgment of foreclosure on the First Mortgage. *See id.*

- On March 21, 2017, a foreclosure sale was ordered based on the Second Mortgage. *Gustavia I*, ECF No. 30.

- On April 7, 2017, the notice of pendency expired. *See* N.Y. C.P.L.R. § 6513 ("A notice of pendency shall be effective for a period of three years from the date of filing."). VVS1 did not renew it.

- On April 24, 2017, the Supreme Court vacated its prior judgment and dismissed the foreclosure action as to the First Mortgage. *See* ECF No. 49-17. VVS1 did not obtain a stay pending appeal.

- On May 23, 2017, the Appellate Division granted leave to appeal the dismissal of the foreclosure action. *See* ECF No. 49-29. The appeal is still pending.

- On July 21, 2017, Gustavia filed the instant suit for cancellation and discharge of the First Mortgage. *See* ECF No. 1.

- On March 1, 2018, Gustavia purchased the Property at a court-authorized foreclosure sale based on the Second Mortgage. *See Gustavia I*, ECF No. 105.

New York's Real Property Actions and Proceedings Law states that, "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance." N.Y. Real Prop. Acts. § 1501(4). Gustavia argues that, because the statute

5

of limitations expired in 2013, it can secure cancellation of the First Mortgage. Pl.'s Br. 6-8. But the law is not quite so generous. After all, a party only needs to commence a foreclosure action within the statutory period; it does not need to obtain a judgment before the statute of limitations expires. *See, e.g.*, *Milone v. U.S. Bank Nat'l Ass'n*, 83 N.Y.S.3d 524, 529-30 (App. Div. 2018); *Yadegar v. Deutsche Bank Nat'l Tr. Co.*, 83 N.Y.S.3d 173, 174-75 (App. Div. 2018). Thus, while the statute states that a quiet title action may be brought after the statute of limitations for a foreclosure action has expired, an ongoing timely foreclosure action precludes commencement of a quiet title action.

The Appellate Division recognized this in *Mizrahi v. U.S. Bank, National Association*, 64 N.Y.S.3d 572 (App. Div. 2017). There, U.S. Bank initiated a foreclosure proceeding within the limitations period. *Id.* at 573. The proceeding was thereafter dismissed, and U.S. Bank did not commence a new proceeding before the statute of limitations expired. *Id.* But when Mizrahi sought to bring a quiet title action, U.S. Bank pointed out "that it had appealed from an order denying . . . its motion . . . to vacate the . . . order dismissing the foreclosure action." *Id.* This pending appeal "demonstrated that . . . the foreclosure action was still pending and unresolved," and the Appellate Division ordered the Supreme Court to dismiss the quiet title action. *Id.*

Here, the initial state foreclosure proceeding is still pending because of the state court appeal. Thus, Gustavia has prematurely brought this quiet title action. If the Appellate Division ultimately affirms the dismissal of the state court foreclosure action, then Gustavia may file this quiet title action again. Until then, however, Gustavia has no recourse under Section 1501.

Nevertheless, Gustavia offers a fallback position: The deed transferring the Property to Gustavia following the 2018 foreclosure sale was not subject to the First Mortgage. Gustavia claims it acquired the Property without any encumbrances because VVS1 failed to obtain a stay

pending appeal after the Supreme Court dismissed the foreclosure action. Thus, Gustavia reasons, the Property became encumbrance-free once the Supreme Court dismissed the foreclosure action.

Gustavia's argument is not without support. The New York Court of Appeals had held that "a final judgment or order represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal," even if the filed appeal "leave[s] an inchoate shadow on [those] rights." *Da Silva v. Musso*, 76 N.Y.2d 436, 440 (1990). But while the language of *Da Silva* is broad, the facts suggest a narrower holding. There, the defendants had agreed to sell a building to the plaintiff. *Id.* at 438-39. "[T]hey reneged on this agreement" and the plaintiff "filed a notice of pendency . . . and commenced an action for . . . specific performance." *Id.* at 439. That action was dismissed. The plaintiff appealed but failed to obtain a stay pursuant to C.P.L.R. § 5519, and his notice of pendency was canceled. *Id.* Before the appeal was decided, the defendants sold the property to another entity. *Id.* The dismissal was ultimately reversed, and plaintiff commenced a new action seeking a declaration that the intervening conveyance was void. *Id.* The Court of Appeals ultimately concluded that the property was not sold "subject to" the outcome of the plaintiff's appeal, and that the plaintiff's sole remedy was an action for damages, not invalidation of the conveyance. *Id.*

While at first blush these facts may seem analogous to those here, there are significant differences. First, the dismissal at issue in *Da Silva* was "on the merits." *Id.* at 440. Conversely, the state court foreclosure action was dismissed for lack of personal jurisdiction, rendering "this prior adjudication [] not 'on the merits.'" *Kokoletsos v. Semon*, 575 N.Y.S.2d 116, 116 (App. Div. 1991). A decision not on the merits is not a "valid and conclusive adjudication of the parties' substantive rights." *Da Silva*, 76 N.Y.2d at 440. Thus, the Court of Appeals' rationale is less forceful in the present context.

Moreover, the property at issue in *Da Silva* was not subject to any mortgages, liens, or other encumbrances. The only cloud on title was the pending appeal itself. *Da Silva* did not hold that a transfer occurring during the pendency of an appeal dissolves all clouds on title that predated the transfer, particularly where doing so would vitiate any remedy available to a mortgagee with priority over a subsequent mortgage. *Cf. Marcus Dairy, Inc. v. Jacene Realty Corp.*, 751 N.Y.S.2d 237, 239 (N.Y. App. Div. 2002) (holding that *Da Silva* is inapplicable where the issue is "the relative priority of two mortgages" and a party "would have no effective remedy if it were to lose its priority as the mortgage whose mortgage was first recorded").

Rather, *Da Silva* held that "when a complaint *involving title to or the right to possess and enjoy real property* has been dismissed on the merits and there is no outstanding notice of pendency or stay, the property owner has a right to transfer or otherwise dispose of the property unrestricted by the dismissed claim." *Da Silva*, 72 N.Y.2d at 440 (emphasis added). The Court of Appeals did not hold that the transfer of a property during the pendency of an appeal voids all encumbrances. Therefore, if the Appellate Division reverses the Supreme Court's dismissal, Gustavia received the Property subject to the First Mortgage. *See DeMaio v. Capozello*, 3 N.Y.S.3d 363, 364 (App. Div. 2015) ("A purchaser of real property who has actual knowledge of a pending lawsuit with respect to the property is bound by the consequences of that lawsuit.") (citing *Da Silva*, 72 N.Y.2d at 439). If the Appellate Division affirms, then Gustavia may reinitiate this quiet title action. While VVS1 may be at fault for failing to renew its notice of pendency or obtain a stay pending appeal, that does not mean that the First Mortgage itself expired with the notice of pendency or vanished once VVS1 failed to obtain a stay. The First Mortgage is still the subject of a pending proceeding and will remain so until the foreclosure action is fully litigated. Gustavia cannot sneak in through the window created by a pending appeal to nullify VVS1's rights to the Property.

8

**III.    Merger**

Gustavia also argues that merger has extinguished the mortgage because, through different entities controlled by the same person, VVS1 and its ultimate owner acquired both the Property and the First Mortgage. *See Congregation Beth Medrosh of Monsey, Inc. v. Rolling Acres Chestnut Ridge, LLC*, 956 N.Y.S.2d 95, 98 (App. Div. 2012). Merger requires that the property and mortgage be owned by the same person at the same time. *Jemzura v. Jemzura*, 36 N.Y.2d 496, 502 (1975). Alter ego merger claims require that a party "held title to the property under one name and held the first mortgage in the name of a sham corporation with the apparent purpose of perpetrating a fraud upon the . . . holder of a second mortgage." *Cambridge Factors, Inc., v. Thompson*, 626 N.Y.S.2d 259, 259 (App. Div. 1995). Gustavia has provided no evidence that the two entities at issue held the Property and the First Mortgage at the same time. More importantly, there is no evidence that the acquisition of the Property and the First Mortgage through distinct but affiliated entities was done to perpetrate fraud. Accordingly, summary judgment is inappropriate.

**IV.    Abstention**

VVS1 invokes abstention doctrine in its bid to delay this litigation. Specifically, VVS1 contends that, because there is a parallel state court proceeding that is exercising jurisdiction over the Property, I must abstain. In making this argument, VVS1 fails to connect the requisite dots, leaving its depiction of the issue woefully incomplete.

While it is true that "when one court . . . exercis[es] *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*," *Marshall v. Marshall*, 547 U.S. 293, 296 (2006), VVS1 has not established that any court is actually exercising *in rem* jurisdiction over the Property. The state court vacated the judgment of foreclosure and dismissed the foreclosure action, so it is not exercising jurisdiction over the Property. *See La Barbera v. J F H Mak Trucking, Inc.*, 2007 WL 1827833, at *3 (E.D.N.Y. June 22, 2007) ("[A] court order of dismissal without

expressly retaining continuing jurisdiction terminates the case and thus the court's authority over the matter."). VVS1 points to no authority that suggests the Appellate Division assumed *in rem* jurisdiction over the Property. If the Appellate Division issues a ruling reversing dismissal, that may confer *in rem* jurisdiction on the Supreme Court. Until then, VVS1's mandatory abstention arguments are inapposite.

Nevertheless, as this is a declaratory judgment action, I may "consider and decline jurisdiction . . . sua sponte." *Port Auth. of N.Y. & N.J. v. Kraft Power Corp.*, 2012 WL 832562, at *2 (S.D.N.Y. Mar. 13, 2012); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("[T]here is nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action.") (citation, ellipses, and some quotation marks omitted). *Brillhart/Wilton* abstention applies in declaratory judgment actions and confers discretion to entertain such actions. *See Youell v. Exxon Corp.*, 74 F.3d 373, 375 (2d Cir. 1996); *see also Wilton*, 515 U.S. at 286 ("Distinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions" because "the statute provides that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration,' 28 U.S.C. § 2201(a)") (emphasis in original). While the precise contours of *Brillhart/Wilton* abstention remain hazy, *see Youell*, 74 F.3d at 376, it applies "at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court," *Wilton*, 515 U.S. at 283.

Although neither was originally named as a party, both Gustavia and VVS1 have appeared in the state court action. *See, e.g.*, ECF Nos. 51-6, 51-7. Here, Gustavia concedes that the pending appeal may be dispositive of the statute of limitations issue addressed above. *See* Pl.'s Reply Br. 6, ECF No. 49-34. Gustavia contends that the appeal will not address its two other bases for cancellation of the First Mortgage—merger and acquisition of clear title, *id.* at 6-7—but those

10

arguments are without merit. *See supra* Section II & III. The sole remaining basis of Gustavia's claim will necessarily be affected by the pending state court appeal. Indeed, Gustavia's action was not even properly commenced because of that ongoing proceeding. *See Mizrahi*, 64 N.Y.S.3d at 573. Moreover, a ruling in Gustavia's favor here would moot the appeal entirely. Accordingly, this action should be dismissed to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

## CONCLUSION

Gustavia's motion for summary judgment is denied, and this case dismissed without prejudice. Gustavia may refile if the pending appeal is resolved in its favor.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York
June 19, 2019

Edward R. Korman
United States District Judge