| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

Gustavia Home LLC,

                Plaintiff,

    – against –                  **MEMORANDUM & ORDER**

VVS1 Corp., et al.,                17-CV-4330 (ERK) (JO)

                Defendants.

KORMAN, *J.*:

    I assume familiarity with the underlying facts, as set forth in my prior order. *See Gustavia Home LLC v. VVS1 Corp.*, 2019 WL 2527291 (E.D.N.Y. June 19, 2019). Gustavia now moves for reconsideration on three grounds: (1) that I erred in *sua sponte* dismissing the case without giving Gustavia notice and opportunity to respond; (2) that I improperly dismissed Gustavia's merger claim on the merits; and (3) that I did not abstain, but rather reached a determination on the merits.

    Gustavia does not challenge my substantive ruling that abstention was appropriate. Instead, Gustavia complains that it received insufficient notice that the case might be dismissed. As a preliminary matter, Gustavia misconceives the grounds upon which the suit was dismissed. "[T]his action [was] dismissed to avoid '[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation.'" *Gustavia Home*, 2019 WL 2527291, at *6 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). This is not dismissal for failure to state a claim, but abstention. Moreover, Gustavia received notice that abstention was under consideration: VVS1 requested that I dismiss the action "pursuant to the United States Supreme Court's mandatory abstention rulings." ECF No. 49-33, at 12. And VVS1 specifically argued that the pending state court foreclosure action justified abstention. *Id.* at 15.

That I ultimately dismissed pursuant to a discretionary abstention doctrine, as opposed to a mandatory one, does not mean Gustavia did not have an opportunity to be heard. Gustavia argued that *Colorado River* abstention was improper and discussed several factors in taking that position. *See* ECF 49-34, at 4-11. Those factors overlap with the relevant considerations under *Brillhart*/*Wilton*. *Compare id.*, *with DDR Constr. Servs., Inc. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 655 (S.D.N.Y. 2011) (identifying factors to consider when declining jurisdiction under *Wilton*). Thus, Gustavia's arguments against abstention were heard. Indeed, in its motion for reconsideration, Gustavia does not meaningfully argue that abstention was improper given the pending state court action.

As to the merger claim, my prior decision incorrectly stated that there is "*no evidence* that the two entities at issue held the Property and the First Mortgage at the same time . . . [and] that the acquisition of the Property and the First Mortgage through distinct but affiliated entities was done to perpetrate fraud." *Gustavia Home*, 2019 WL 2527291, at *5 (emphasis added). Gustavia provided some evidence, *see* ECF No. 49-30, at 10, and has provided additional evidence with its new motion, *see* ECF No. 60-5, at 9-10 (citing ECF No. 60-4, at 11-12). Specifically, Gustavia has introduced a transcript from a separate proceeding where VVS1's attorney represented that he is also representing 56 Somers in the foreclosure action—not just in the instant proceeding. In other words, the same attorney is representing the holder of the First Mortgage and the Property owner in an action by the First Mortgage holder to foreclose on the Property. This conduct strongly suggests that Itah—a principal of both VVS1 and 56 Somers—is engaged in some mischief.

Nevertheless, the proper forum for resolving this issue is the state proceeding, in which Gustavia would likely be able to intervene. Moreover, Cassandra Hickson is currently separately litigating against 56 Somers, VVS1, and Itah, alleging that they perpetrated a fraud upon her in order to effect a transfer of the Property from Hickson to Itah. *See Hickson v. 56 Somers St., LLC*,

2

Index No. 515904/2016 (Kings Cty. Sup. Ct.), Dkt. No. 1 (Complaint). Declaring that a merger occurred may negatively impact Hickson's rights to pursue her fraud claim against Itah. That proceeding appears to be in discovery, and the court even ordered Itah to appear for a deposition in April. *Id.*, Dkt. No. 147.

Accordingly, Gustavia's motion for reconsideration is granted in part. I vacate my prior order to the extent it purported to rule on Gustavia's motion for summary judgment. Nevertheless, abstention is proper in favor of the two pending state court actions.

**SO ORDERED.**

*Edward R. Korman*
Edward R. Korman
United States District Judge

Brooklyn, New York
September 13, 2019